### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, )<br>a Delaware corporation, )<br>　)<br>　　　　　Plaintiff, )<br>　)<br>vs. )<br>　)<br>PEERLESS INSURANCE COMPANY, )<br>a New Hampshire corporation, )<br>　)<br>　　　　　Defendant. ) | Case No. 09-CV-500-GKF-TLW |

### OPINION AND ORDER

This matter comes before the court on the Motion for Summary Judgment [Doc. No. 11] by defendant Peerless Insurance Company ("Peerless") and the Cross-Motion for Summary Judgment [Doc. No. 13] by plaintiff Lexington Insurance Company ("Lexington"). For the reasons set forth below, Peerless's motion is granted and Lexington's motion is denied.

The material facts of this case are undisputed. The Geary Nursing Home, the Geary Community Clinic, and the Geary Storage Building, which the parties agree are owned and operated by the Cheyenne and Arapaho Tribes of Oklahoma, sustained significant storm damage as a result of a storm that occurred on August 19, 2007. The Tribes' covered loss is $1,292,153.74, an amount within the policy limits of either policy. At the time of the loss, the damaged buildings were covered by two separate insurance policies, one issued by Lexington and one by Peerless.

The parties have stipulated that both insurance policies covered the property damage sustained by the insured. [Doc. No. 12, Stipulation of Facts, ¶ 4-7]. In pertinent part, Lexington's "other insurance" clause provides:

> This Policy shall not attach or become insurance upon any property which at the time of loss is more specifically described and covered under any other policy form until the liability of such other insurance has first been exhausted and shall then cover only the excess of value of such property over and above the amount payable under such other insurance, whether collectible or not.

[Doc. No. 12, Stipulation of Facts, ¶ 8]

Defendant Peerless' policy provides a similar "other insurance" clause:

> If there is other insurance covering the same loss or damage, . . . we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance.

[Doc. No. 12, Stipulation of Facts, ¶ 9]

Plaintiff Lexington urges application of the "Guiding Principles for Overlapping Insurance Coverage," which reflects insurance industry standards for apportioning payment where concurrent insurance coverage exists. Lexington alleges that under the Guiding Principles analysis, defendant Peerless' insurance policy provides more specific coverage than does Lexington's policy and is therefore primary and should be exhausted before Lexington is made to pay. Conversely, defendant Peerless, which is not a signatory to the Guiding Principles, asserts that Oklahoma law dictates that the "other insurance" clauses cancel each other out and the insurers are to share coverage on a pro rata basis.

Because this case arises under the federal court's diversity jurisdiction, Oklahoma law governs the parties' coverage dispute. *See TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1181 (10th Cir. 2007). Under Oklahoma law, "an insurance policy is to be treated as a contract and will be enforced according to its terms." *Equity Mutual Ins. Co. v. Spring Valley Wholesale Nursery, Inc.*, 747 P.2d 947, 953 (Okla. 1987). The "whole of a contract is to be taken together, so as to give

effect to every part, if reasonably practicable, each clause helping to interpret the others." *Dodson v. St. Paul Ins. Co.*, 812 P.2d 372, 377 n. 11 (Okla. 1991) (quoting Okla. Stat. tit. 15 §157). Accordingly, when determining a policy's scope, courts interpret the policy as a whole. *See id.*

Here, both policies contain "other insurance" clauses, the language of which purports to make each policy excess to the other. *Equity Mutual*, 747 P.2d at 954 (defining excess coverage as that insurance coverage "provided when, under the terms of the policy, the insurer is liable for a loss only after any primary coverage–other insurance–has been exhausted"); *see American Cas. Co. of Reading PA v. Health Care Indem., Inc.*, 520 F.3d 1131, 1136 (10th Cir. 2008) (noting that "[a] policy need not use the word *excess* to be an excess policy").

Under Oklahoma law, when two policies each provide excess coverage, the "other insurance" clauses are to be "disregarded, with the loss shared by the insurers on a pro rata basis." *Equity Mutual*, 747 P.2d at 954; *see American Cas. Co. of Reading PA*, 520 F.3d at1136 (finding two other-insurance clauses to each provide excess coverage and holding that apportionment on a pro rata basis is appropriate in Oklahoma). Absent concurring provisions for apportionment, the apportionment is to be determined "according to the ratio each respective policy limit bears to the cumulative limit of all concurrent policies." *Equity Mutual*, 747 P.2d at 954. Nowhere in *Equity Mutual* does the Oklahoma Supreme Court suggest that its analysis should be limited to liability policies.

Furthermore, this Court rejects Lexington's argument that the Peerless policy, because it covers only the four damaged buildings as opposed to the forty tribal buildings covered by the Lexington policy, is a "specific" policy that must be entirely exhausted before the Lexington policy can be called upon for a contribution. First, Lexington offers no authority for the proposition that

Oklahoma has adopted this approach for resolving such disputes. Second, the Peerless policy is itself a "blanket" policy, as it utilizes that term to extend the limits of insurance to each of the buildings covered. Whether a particular policy is "blanket" has nothing to do with the number of buildings covered. Third and finally, Peerless is not a signatory to the Guiding Principles upon which Lexington relies in making its "blanket versus specific" argument.

Because the instant action does not involve a genuine dispute as to any material fact and cannot be meaningfully distinguished from either *Equity Mutual* or *American Casualty Co. of Reading PA*, plaintiff Lexington's Cross-Motion for Summary Judgment [Doc. No. 13] is denied, and defendant Peerless' Motion for Summary Judgment [Doc. No 11] is hereby granted.

IT IS SO ORDERED.

DATED this 21st day of May 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma